UNITED STATES of America, Plaintiff—Appellee,

v.

Joe SAPPA, Defendant—Appellant.

No. 05–10367.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2006.

Decided May 5, 2006.

Thomas C. Muehleck, AUSA, USH—
Office of the U.S. Attorney, Honolulu, HI,
for Plaintiff–Appellee.

Deanna S. Dotson, Esq., Kapolei, HI, for
Defendant–Appellant.

Before: GOODWIN, B. FLETCHER,
and FISHER, Circuit Judges.

## MEMORANDUM [*]

Joe Sappa appeals his conviction by a
jury of conspiracy to distribute and pos-
sess with intent to distribute methamphet-
amine, and of possession with intent to
distribute methamphetamine, in violation
of 21 U.S.C. § 841(a)(1). We affirm.

Sappa contests the validity of the search
and arrest warrants. The search warrant
authorized law enforcement officials to
search Sappa's residence for evidence of
drug-related activities. Approximately
nineteen ounces of methamphetamine,
drug paraphernalia, a handgun with a
magazine, miscellaneous papers, and an
airport security jacket were seized from
Sappa's residence pursuant to the search
warrant. Sappa was arrested at that time
and read his rights. He waived them and
gave a statement.

At a pretrial hearing, Sappa moved to
suppress the evidence obtained pursuant
to the search warrant arguing that the
warrant was not supported by probable
cause. He also moved to suppress the
statements he made as a result of the
search, arguing that the statements were
fruit of a poisonous tree and that there
was no probable cause supporting the ar-
rest warrant. The district court held that

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as provided by 9th Cir.
R. 36–3.

both warrants were supported by probable cause, and that in the alternative the good faith exception would apply.

■ We need not determine whether the search and arrest warrants were supported by probable cause. There is no evidence that the issuing magistrate abandoned his detached and neutral role, or that the law enforcement official was dishonest or reckless in preparing his affidavit. Therefore, suppression is appropriate only if the executing officers "could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Leon,* 468 U.S. 897, 926, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). If "a reasonably well trained officer would [not] have known that the search was illegal despite the magistrate's authorization," then the evidence obtained pursuant to the warrant will not be excluded. *See id.* at 922–23, 104 S.Ct. 3405 n. 23. Based on the totality of the circumstances, including the imminent drug shipment to be distributed by Uti and the recorded conversation between Uti and Sappa during which Sappa planned to deliver an envelope to Uti shortly before the arrival of the drug shipment, a reasonably well trained officer could have had an objectively reasonable belief that there was probable cause to search Sappa's residence for evidence of participation in the drug activities. The good faith exception saves the evidence obtained pursuant to the search warrant.

■ Sappa contends that the search warrant was overbroad because it "listed entire categories of documents to be seized, encompassing essentially all documents on the premises or items connected with drug offenses." The search warrant set out objective standards by which executing officers could differentiate items subject to seizure from those that were not, and the government was not able to

describe the items more particularly. The warrant was not overbroad. *See United States v. Noushfar,* 78 F.3d 1442, 1447 (9th Cir.1996), *amended by* 140 F.3d 1244 (9th Cir.1998).

■ Sappa contends that "[t]he same arguments for the deficiencies in the search warrant apply to the arrest warrant as well because the same information in both affidavits was used as probable cause." Even if probable cause were lacking to arrest Sappa when the arrest warrant was issued, probable cause was not lacking once the officers searched his residence and found nineteen ounces of methamphetamine. The officers could have arrested Sappa when they did without the arrest warrant. Any error was harmless. *See United States v. Buckner,* 179 F.3d 834, 837 (9th Cir.1999).

**AFFIRMED.**